# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**Karen Jacobs Louden**
(302) 351-9227
(302) 425-4681 FAX
klouden@mnat.com

June 12, 2012

The Honorable Christopher J. Burke          *VIA ELECTRONIC FILING*
Magistrate Judge, United States District Court
844 King Street
Wilmington, DE 19801

       Re:    *Invensas Corporation v. Renesas Electronics Corporation*,
                C.A. No. 11-448 (GMS) (CJB)

Dear Magistrate Judge Burke:

       Renesas Electronics Corporation ("Renesas") is a Japanese corporation with no place of business in the United States. Renesas did not commence this action but was sued here in two separate patent infringement actions filed by Invensas and its sister company, Tessera, Inc. *Tessera, Inc. v. Sony Electronics, Inc. et al.*, C.A. No. 10-838 (RMB/KMW) (the "Tessera Action"). In each of those cases, Renesas answered the complaint and, because they were compulsory, also filed counterclaims seeking declaratory relief. Invensas now seeks to use those compulsory counterclaims and this Court's standard scheduling order to compel an untold number of Japanese witnesses to travel across the globe to Delaware for deposition. Renesas respectfully requests that this Court issue an Order requiring that, absent agreement, depositions be taken at the principal place of business of the witness under the circumstances here.

       This issue was already briefed and decided by Magistrate Judge Williams in the Tessera Action. In that case, Tessera served an 87 topic Deposition Notice and moved to compel Renesas to produce its witnesses for deposition in Delaware. Tessera's motion was denied. Ex. A; *Tessera, Inc. v. Sony Electronics, Inc. et al.*, C.A. No. 10-838 (RMB/KMW) (D.I. 131) ("Depositions of Defendants' corporate witnesses shall be taken at Defendants' principal place of business per the general rule."). Invensas' demand here should be denied for the same reasons. Renesas' witnesses, many or all of whom may have never been to the United States before and who likely speak little English, should not be forced to travel to Delaware to be deposed.

It is undisputed that corporate depositions ordinarily take place at a corporation's principal place of business.[1]  *See* Wright, Miller & Markus, Federal Practice and Procedure: Civil 2d § 2112 at 84-85 (1994 rev.); *Six West Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001); *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D. Minn. 2003).  When courts consider whether to permit corporate depositions at a location other than a corporation's principal place of business, they consider the burdens and cost to the parties and the individual deponents, as well as efficiencies in the litigation.  *See Six West Retail Acquisition*, 203 F.R.D. at 107.  The burden on Renesas to bring an undisclosed number of witnesses to Delaware will be substantial. Although Invensas has yet to serve a 30(b)(6) notice in this case, there is no reason to believe that the number of depositions noticed in this case will be any less burdensome than those noticed by Invensas' counsel in the Tessera Action, given that the cases involve the same general subject matter, the parties are represented by the same counsel, and Invensas has served nearly identical written discovery in this action as it served in the Tessera Action (except that the Tessera Action involves two patents instead of four).  Likewise, although Invensas has not yet identified the accused products here, as in the Tessera Action, it has included an overbroad definition in its discovery requests (Ex. B (excerpts)).  There is no indication that the scope of discovery will be any less cumbersome than it is in the Tessera Action.  Renesas should not bear the burden of bringing witnesses from Tokyo to Delaware to testify on 87 (or more) topics.

The Court's form Order, upon which Invensas relies, should not compel otherwise.  The Order, which is silent on the issue of foreign defendants and compulsory counterclaims, states only a "general rule" that depositions shall take place in Delaware, and explicitly acknowledges that "[e]xceptions to this general rule may be made by order of the Court."  In light of the balance of factors and the substantial burden on Renesas, the default language should not apply here.  This should be especially true where, as here, the foreign defendant is viewed as having commenced an action solely by virtue of having filed mirror-image compulsory counterclaims that do not change the scope of the litigation.  That should not be a basis to hale witnesses of a foreign defendant to Delaware where the only reason it is involved in patent litigation in this district in the first place is because it was sued by Invensas and its sister company Tessera.

Indeed, Judge Robinson recently stated that such witnesses would not be required to be deposed in Delaware. *CyberFone Sys. LLC v. Cellco, et al,* C.A. No. 11-827 (D. Del. May 15, 2012) (Tr. 24-25) (Ex. C) ("Deponents generally are deposed where they live or work, unless there's a real good reason to bring them to Delaware. So that is the default.").  Other courts have noted the unfairness of treating permissive and compulsory counterclaims similarly when determining that a defendant chose the forum in question. *New Medium Techs. L.L.C. v. Barco N.V.,* 242 F.R.D. 460, 466 (N.D. Ill. 2007) ("Counterclaims of non-infringement, patent invalidity, and unenforceability are compulsory in this context … [t]hus it cannot really be said that defendants selected this forum, in the sense referred to by the cases.").  Renesas' counterclaims in this litigation are strictly compulsory.  The only reason it is involved in patent

---

[1] The language of the form Order refers to "party" depositions only (*i.e.*, corporate depositions).  Accordingly, Renesas understands that non-corporate depositions (to the extent there are any) will be taken at a location convenient to the witness.

The Honorable Christopher J. Burke
June 12, 2012
Page 3

litigation at all in this jurisdiction is because it was sued by Tessera and Invensas here. Indeed, were Invensas' position accepted, foreign defendants would be unfairly encouraged to waive compulsory counterclaims to avoid being forced to travel to the location of the plaintiff's choosing simply because they were sued there. Also adopting such a blanket rule would subject foreign defendants to undue burden, expense and harassment.

There should be little doubt, especially in view of Judge Williams' ruling, that forcing Renesas' corporate witnesses to testify in Delaware will put substantial burdens on Renesas and its employees. The witnesses, who likely speak little or no English and may never have even visited the United States, would be forced to travel significant distances and submit themselves to a jurisdiction whose procedures and language are foreign to them. All so that Renesas can defend itself in a litigation it did not instigate.

This substantial prejudice is not outweighed by any purported burden on Invensas, whose counsel will already have to travel to Japan for the Tessera Action. Invensas has plenty of time to make arrangements for and complete the necessary depositions within the next eleven months of remaining discovery. Indeed, certain of the witnesses may overlap between the two cases, making depositions in Japan even more appropriate. Any purported burden to Invensas is a natural consequence of filing suit against a foreign defendant and should not be a basis to shift that burden to Renesas. Indeed, at the parties' Rule 16(b) conference, Invensas did not dispute that the general factors weigh in favor of proceeding in Japan.[2]

Finally, Invensas' reference to *Dean Foods Co. v. Eastaman Chem. Co.*, 2001 U.S. Dist. LEXIS 25447 (N.D. Cal. Aug. 13, 2001) is inapposite and suffers from the same flaws as the cases Invensas cited in its briefing in the Tessera Action (which were implicitly rejected by Magistrate Judge Williams). In *Dean Foods*, there were only two witnesses, both managing agents for the defendant, and both of whom were known to have traveled to the United States in the past. These facts, coupled with the Court's view that discovery disputes were inevitable given the specific history of that litigation, led the Court to order those witnesses to travel to San Francisco with the understanding that the plaintiff would pay their costs. *Dean Foods*, 2001 U.S. Dist. LEXIS 25447 at 21-25. The facts here are significantly different where Invensas seeks a blanket ruling that all corporate depositions must take place in Delaware.

As noted above, Magistrate Judge Williams was presented with facts concerning each of the relevant factors for determining the proper location of depositions and the relevant law, and ruled that the depositions should take place at the principal place of business of the deponent. This is a common sense and fair application of the local rules in Delaware and should control here as well.

For the foregoing reasons, Renesas respectfully requests that the Court enter an Order requiring that corporate depositions of foreign nationals take place at their principal place of business.

---

[2] Renesas refers to its briefing in the Tessera Action for a fuller discussion on the general factors. (Ex D).

The Honorable Christopher J. Burke
June 12, 2012
Page 4

                                  Respectfully,

                                  */s/ Karen Jacobs Louden*

                                  Karen Jacobs Louden (#2881)

cc:    Clerk of the Court (via ECF)
        All Counsel of Record (via e-mail)

5972906