**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INVENSAS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RENESAS ELECTRONICS CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 11-448-GMS-CJB |

**ORDER**

At Wilmington, Delaware this **27th day of June, 2012**.

**A. Background and Procedural History**

1. On May 29, 2012, plaintiff Invensas Corporation ("Invensas") and defendant Renesas Electronics Corporation ("Renesas") submitted a joint proposed scheduling order in this matter. (D.I. 13) Along with the proposed order, the parties each submitted letters outlining their positions with respect to certain areas of disagreement as to scheduling. (D.I. 15, 16) Several of the parties' disputes were resolved during a Rule 16 Scheduling Conference, held by this Court on May 30, 2012. During the Scheduling Conference, the Court reserved a decision on one remaining dispute: regarding the imposition of a general default standard for the location of corporate depositions. The Court permitted the parties to submit additional letter briefing on the issue; the parties did so on June 12, 2012, and June 18, 2012, respectively. (D.I. 20, 23)

2. The Court's form Scheduling Order includes the following provision regarding the location of depositions:

> Any party or representative (officer, director, or managing agent)

> of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

3. Defendant Renesas, who has also filed counterclaims in this matter, seeks to eliminate this standard language. In its place, Renesas requests an order requiring that, absent agreement, corporate depositions be taken at the principal place of business of the party—in Renesas' case, Japan. (D.I. 20 at 1) In support of its position, Renesas points to an order in another action in this Court, *Tessera, Inc. v. Sony Electronics, Inc. et al.*, Civ. Action No. 10-838-RMB-KMW (the "Tessera Action"), in which similar relief requested by Renesas was granted. In that action, plaintiff Tessera Inc.[1] served an 87-topic Deposition Notice on defendant Renesas and moved to compel Renesas (and defendant Sony Corporation) to produce corporate witnesses for deposition in Delaware. (D.I. 20 at 1) Magistrate Judge Karen M. Williams[2] denied Tessera Inc.'s motion, ordering that depositions of Renesas' corporate witnesses be taken at Renesas' principal place of business in Japan. (D.I. 20, ex. A)

4. Renesas argues that this Court should take the same position now in this matter, because "[a]lthough Invensas has yet to serve a 30(b)(6) notice in this case, there is no reason to believe that the number of depositions noticed in this case will be any less burdensome than those noticed by Invensas' counsel in the Tessera Action, given that the cases involve the same

---

1 Tessera Inc. is, like plaintiff Invensas here, a subsidiary of Tessera Technologies, Inc.

2 The Tessera Action was referred to Judge Williams by Judge Renee Marie Bumb, who was sitting by designation in lieu of the vacant judgeship in this Court.

general subject matter, the parties are represented by the same counsel, and Invensas has served nearly identical written discovery in this action as it served in the Tessera Action (except that the Tessera Action involves two patents instead of four)." (D.I. 20 at 2) Renesas also argues that "although Invensas has not yet identified the accused products here, as in the Tessera Action, it has included an overbroad definition in its discovery requests." (*Id.*) Asserting that there "is no indication that the scope of discovery will be any less cumbersome than it is in the Tessera Action," it argues that "Renesas should not bear the burden of bringing witnesses from Tokyo to Delaware to testify on 87 (or more) topics." (*Id.*)

5. Plaintiff Invensas opposes Renesas' request. Invensas argues that requiring Renesas' employees to come to Delaware for depositions is appropriate in this case because: (1) Renesas filed counterclaims in this action; (2) Renesas otherwise does business in the United States and has been involved in several other litigations in this country; (3) conducting depositions in Japan is particularly burdensome and (4) depositions in the United States would be more procedurally efficient and cost-effective. (D.I. 23 at 1–3)

**B. Legal Standard**

6. The Federal Rules of Civil Procedure require that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party [that] must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). The Rules also note that a court may, for good cause, issue an order to protect a party from oppression, undue burden or expense, including by "specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1) & (c)(1)(B).

7. "The general rule with respect to the location of depositions is that the plaintiff

must produce its witnesses in the district in which the plaintiff instituted the action, unless [it] has shown financial hardship or inability to attend the deposition in that district." *Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010) (internal citations and quotation marks omitted). As to depositions of a corporation by its agents or officers, this Court has noted that there is a "general presumption" that such depositions "should ordinarily be taken at [the corporation's] principal place of business," but it has also recognized that this principle is subject to modification "when justice requires." *Id.* (quoting 8A, Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure*, § 2112 (2d ed. 1994)). However, the "presumption" that corporate representatives will be deposed at the corporation's principal place of business has, in reality, often been treated by courts as "merely a kind of general rule that facilitates determination when other relevant factors do not favor one side over the other." *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D. Ill. 2007) (internal quotation marks and citations omitted); *see also Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000). That type of approach, as one court has explained, "is not a presumption at all. Indeed, it is the antithesis of a presumption." *New Medium Techs.*, 242 F.R.D. at 466.[3]

8. The language used by this Court in its form Scheduling Order simply attempts, at

---

[3] Perhaps for this reason, in cases like this one that involve a foreign party, there are many circumstances in which courts have found it appropriate to require corporate witnesses of that party to travel to the United States for depositions. *See Custom Form Mfg.,* 196 F.R.D. at 336 ("When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, . . . the foreign corporation's agents are frequently compelled for deposition on American soil.") (citing cases); *see also Aerocrine*, 267 F.R.D. at 108 ("[C]ourts have often required corporate defendants to produce their officers at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer any resulting financial hardship.") (internal quotation marks and citations omitted).

the outset of a litigation, to provide a general default standard regarding the location of certain corporate depositions, taking into account the above-referenced legal principles. It provides that as to a party bringing a claim in this District (either as a plaintiff or a counterclaim-plaintiff, cross-claimant, or third-party plaintiff)[4]—in those instances where the litigants cannot mutually agree on an appropriate location for depositions of that party's corporate representatives—it is fair and just to require the party to have those witnesses appear in this District for deposition. Yet the language of this standard also encourages a party, if the facts and circumstances regarding a particular deposition warrant it, to seek "[e]xceptions to this general rule" by Court order.

9. In determining whether to grant such an exception in a particular case, this Court, like other courts undertaking similar analyses, would consider various factors relating to "cost, convenience, and litigation efficiency," *MEMC Elec. Materials v. Balakrishnan*, No. 2:12-CV-344, 2012 WL 1606053, at *3 (S.D. Ohio May 8, 2012), including, but not limited to, "location of counsel for both parties[,] size of defendant corporation and regularity of executive travel[,] resolution of discovery disputes by the forum court[,] and the nature of the claim and the relationship of the parties," *Nat'l Community Reinvestment Coalition v. NovaStar Fin., Inc.*, 604

---

[4] Although Renesas has brought counterclaims against Invensas in this case (and is thus a counterclaim-plaintiff), those counterclaims were compulsory. (D.I. 20 at 1) In that regard, it can be said that Renesas does not stand in the same position as a plaintiff like Invensas, who originally selected this forum as its preferred jurisdiction in which to litigate. *New Medium Techs.*, 242 F.R.D. at 466 (noting that, if there is any "provisional preference" that a defendant who has not sued in a jurisdiction may have depositions of its corporate employees taken at its principal place business, such a preference would not be "totally inapplicable" simply because the defendant asserted compulsory counterclaims in the action). Yet "[b]y the same token, the counterclaim[s] [are] of importance to [Renesas], and it has availed itself of the liberal discovery rules here in the United States." *Id.* (citation omitted).

F. Supp. 2d 26, 31–32 (D.D.C. 2009).

### C. Renesas' Request for an Order Requiring Corporate Depositions To Be Conducted in Japan

10. In this case, Renesas makes the general assertion that it would be burdensome for its employees to travel to the United States for corporate depositions, but has not made a particularized showing as to how this would be the case. Unlike the request in the Tessera Action,[5] and the requests made in the cases cited in Renesas' letter brief,[6] Renesas' request here is non-specific and premature. At this early stage of the case, topics for corporate depositions have not been noticed, nor have specific witnesses for specific corporate depositions been identified. The Court has no way of knowing, at present, whether one witness or many witnesses will be impacted, what the personal circumstances of any such witnesses are, or how the depositions in this case will overlap (if at all) with depositions in the Tessera Action. (*See* D.I. 20 at 1, 3 (Renesas arguing that Invensas seeks to compel "an *untold* number of Japanese witnesses to travel across the globe" and that "*many or all*" of these witnesses "*may*" have never visited the U.S. before and "*likely*" speak "little or no English") (emphasis added))

11. Without the benefit of specific circumstances to consider, an order at this stage requiring that all corporate depositions of Renesas employees take place in Japan could be problematic for another reason. As Invensas points out, (D.I. 23 at 2), a number of courts have highlighted how the taking of depositions in Japan can involve significant complications and may

---

5 (Tessera Action, D.I. 121) (letter to court requesting order to compel production of witnesses for deposition in the United States and attaching deposition notices).

6 *See, e.g., New Medium Techs.*, 242 F.R.D. at 465 (specific depositions at issue); *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D. Minn. 2003) (same); *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107–08 (S.D.N.Y. 2001) (same).

have a detrimental impact on the discovery process intended by the Federal Rules of Civil Procedure. *See, e.g.*, *Dean Foods Co. v. Eastman Chem. Co.*, No. C 00-4379 WHO, 2001 U.S. Dist. LEXIS 25447, at *23–24 (N.D. Cal. Aug. 13, 2001) (noting, *inter alia*, that "[t]he burden of procedures required to conduct a deposition in Japan are daunting"); *see also New Medium Techs.*, 242 F.R.D. at 467 ("Obviously, conducting depositions in Japan, over a dozen time zones away and on the other side of the International Dateline, would severely compromise–to put it mildly–the court's ability to intervene should problems arise."); *Custom Form Mfg.,* 196 F.R.D. at 336–37 (noting that a United States court's authority to resolve discovery disputes that might arise during depositions in Japan is compromised both by distance and issues of foreign judicial sovereignty). In light of the concerns referenced in these cases, Renesas must provide greater specificity to establish that it would be appropriate for the Court to order that its party depositions should occur in Japan. In the absence of such a showing, a default standard stating that corporate depositions should occur in this District is the more equitable result at this stage of the litigation.

**D. Conclusion**

12. For the foregoing reasons, Renesas' request is DENIED, and the Court's general default standard regarding the location of certain party depositions, as set forth above, shall apply to this matter. If the parties are later unable to agree on the location of specific depositions impacted by this standard, and if either party wishes to apply for a specific exception (or exceptions) to the standard, it may utilize the Court's discovery dispute procedure, set forth in paragraph 3(g) of the Scheduling Order (D.I. 17), to do so.

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE