IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVENSAS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-448-GMS-CJB |
| ) | |
| RENESAS ELECTRONICS ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

At Wilmington this **21st day of December, 2012.**

WHEREAS, on November 21, 2012, the Court issued an order that directed Defendant Renesas Electronics Corporation ("Defendant") to produce samples of certain of its BGA packaged products to Plaintiff Invensas Corporation ("Plaintiff") and provide to the Court with a submission stating both the market price for each sample and Defendant's cost to produce each sample, for the Court's consideration in deciding whether and how the cost of this production should be apportioned between the parties (D.I. 53 at 27–28);

WHEREAS, on December 12, 2012 and December 13, 2012, Defendant filed its submission and an amendment to that submission (D.I. 54, 55), which the Court has reviewed;

WHEREAS, Defendant has identified 226 sample products available to be produced to Plaintiff in accordance with the Court's November 21, 2012 Order (D.I. 55, ex. A at Amended Chart);[1]

---

[1] Defendant's submission offers to produce a scope of samples that is broader than that ordered by the Court. The Court's November 21, 2012 Order directed Defendant to "provide to Plaintiff samples of all of its BGA packaged products that it currently makes, uses, offers to

1

WHEREAS, while the majority of the 226 sample products are "general products" for which Defendant can fulfill a special order of just one chip, twenty-five of the sample products can only be produced as a packaged box (the "twenty-five sample products"), meaning there is a minimum order quantity for those products that ranges from 100–1,000 units (D.I. 55, ex. A at 1–2);

WHEREAS, the estimated market value of the 201 samples for which Defendant can produce a single chip totals less than seven thousand dollars[2] (*Id.* at Amended Chart);

WHEREAS, the estimated market value of all sample products, including the twenty-five sample products for which a minimum order quantity must be produced, totals over two hundred seventy thousand dollars (such that the total market value of the twenty-five sample products is significantly greater than the total market value of the 201 remaining "general products") (*Id.*);

WHEREAS, Defendant has offered to produce to Plaintiff the core technical documents describing the substrate structures for each of the twenty-five sample products in lieu of producing the minimum order quantity for those products (*Id.* at 2–3);

WHEREAS, generally the "'responding party must bear the expense of complying with discovery requests.'" *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 170–71 (3d Cir. 2012) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978));

---

sell or sells within the United States or imports into the United States." (D.I. 53 at 27) Defendant's submission includes the requested information for the "BGA products for which at least one sample was shipped or was subject to a purchase order from or to Renesas Electronics America—[Defendant's] U.S. distributor—since April 1, 2011." (D.I. 55, ex. A at 1)

[2] Although Defendant asserts that it does not and cannot track the cost of production for the sample products on a chip-by-chip basis, it estimates this amount to be 106% of the market value for each sample product. (*Id.* at 2)

*see also Caliper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 558 (N.D. Cal. 2003) (noting that "[n]ormally, the producing party bears the cost of production . . . .");

WHEREAS, the Court may, if necessary, exercise its discretion to allocate all or part of discovery costs to the requesting party "'to protect the responding party from undue . . . expense.'" *Peskoff v. Faber*, 251 F.R.D. 59, 61 (D.D.C. 2008) (quoting *Oppenheimer*, 437 U.S. at 358); (*see also* D.I. 53 at 27 (citing cases));

THEREFORE, it is HEREBY ORDERED that:

1. With regard to the 201 "general products," Defendant shall bear the entire cost of production of those products, as the Court finds that the estimated market value of these products does not place such an "undue expense" on Defendant that cost-shifting to Plaintiff is warranted.

2. As to the production of the remaining twenty-five sample products for which there is a minimum order quantity, if Plaintiff does not choose to accept the proffered core technical documents for such products in lieu of the actual samples, and instead chooses to receive the actual sample products, Plaintiff shall pay to Defendant one-third of the total estimated market value of these products, as the Court finds that such cost-shifting will sufficiently protect Defendant from undue expense. *Cf. Caliper Techs.*, 213 F.R.D. at 558 (requiring non-producing party to pay $500 per kit for production of kits by defendant, where retail price of the kits was $1,600 per kit).

3. Because this Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Order. Any such redacted version shall be submitted no later

than **January 4, 2013** for review by the Court. The Court will subsequently issue a publicly-available version of its Order.

 

_/s/ Christopher J. Burke_
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE